IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAUREAN ALPHONSO VENABLE,<br><br>*Defendant*. | Criminal No. 1:21-CR-39<br><br>Sentencing Date: April 8, 2022<br><br>The Honorable Michael S. Nachmanoff |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Bibeane Metsch, Assistant United States Attorney, and Rachel Roberts, Special Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to the sentencing of the defendant, Taurean Alphonso Venable. The defendant comes before the Court for sentencing after pleading guilty to count one of the indictment in the above-captioned case charging him with conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846.

The United States has no objection to the Presentence Investigation Report ("PSR"), Dkt. No. 225, which correctly calculates the Guidelines range to be 360 months of incarceration up to life (Total Offense Level 38, Criminal History Category VI). For the reasons set forth herein, the United States submits that a sentence of 144 months, which is well below the Guidelines range, is

sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

## I.  FACTUAL BACKGROUND

On June 1, 2020, in an initial effort to recover records related to a stolen vehicle, law enforcement executed a search warrant at a coconspirator's residence in Arlington, Virginia where they located fentanyl, pill manufacturing materials, narcotics proceeds, a firearm, and ammunition. In a blender in the kitchen, approximately 1,082 grams of a mixture and substance containing fentanyl was found. Pressed pills bearing the markings of Oxycodone were also found along with a hydraulic jack, two dust collectors containing a large amount of residue, an inductor motor, pill presses with several insets with markings consistent with those found on controlled prescription painkillers, and various cutting agents. Law enforcement also located within the coconspirator's vehicles two brick-like packages which were a mixture and substance containing fentanyl weighing approximately 665.7 grams and 1007.0 grams respectively. Finally, another vehicle associated with the coconspirator contained 5,307 pills found to be a mixture and substance containing fentanyl weighing approximately 4,437.0 grams.

The coconspirator who rented the residence was arrested the same day, and law enforcement initiated an investigation to identify additional conspirators, including Mr. Venable. Evidence obtained from witnesses, cellphone downloads, and search warrants demonstrates that the defendant worked with at least four other coconspirators to obtain and distribute fentanyl from 2018 through his arrest in February of 2021. The group obtained kilogram quantities of fentanyl from various sources, and communicated extensively about pressing the fentanyl, along with other substances, into pills resembling various prescription medications such as Oxycodone for distribution. The defendant participated in pressing the elicit pills, and also participated in the

sale of said pills. During searches of coconspirators' residences in October of 2020 and February of 2021, law enforcement located additional counterfeit pressed pills containing fentanyl. Upon a search of Mr. Venable's residence in February of 2021, law enforcement located $23,139 in U.S. currency and various pieces of expensive jewelry, all of which was tied to his involvement in selling narcotics. As part of the conspiracy, the defendant is being held accountable for the distribution of between 4 and 12 kilograms of a mixture and substance containing fentanyl.

## II. ARGUMENT

### A. Overview of Applicable Law

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Ibid.* at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," § 3553 states that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C.

3

§ 3553(a)(2)(C) & (D).  Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

### B. Guidelines Calculation

In accordance with § 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guidelines sentencing, the United States has reviewed the Probation Office's PSR prepared in this matter.  The Probation Office calculated the defendant's Guidelines range to be 360 months to life imprisonment, based on a total offense level of 38 and a Criminal History Category of VI.  PSR ¶¶ 101-102.

#### i. Application of 18 U.S.C. § 3553 Factors to the Defendant's Case

The factors set forth in 18 U.S.C. § 3553 warrant the imposition of a sentence of 144 months of incarceration.  This sentence is adequate but not greater than necessary to promote respect for the law and to deter future criminal conduct by the defendant and others.  The defendant was involved in a significant manufacturing and distribution operation that pushed thousands of counterfeit prescription opioids laced with fentanyl into the local community.  Two coconspirators have already been sentenced for their respective roles in the conspiracy.  Cornelius Frazier was sentenced in case number 1:20-CR-207 to 151 months' imprisonment, and Kyle Bouldin was sentenced in case number 1:20-CR-227 to 72 months' imprisonment.

It is difficult to quantify the impact that the amount of fentanyl (between 4 and 12 kilograms, with 7 kilograms seized in a single day) involved in this offense had on communities in this District and elsewhere.  Fentanyl is a powerful synthetic opioid which is 50 to 100 times

4

stronger than morphine.[1]  Fentanyl imposes a significant harm on society.  It is an addictive and dangerous drug that destroys the lives of users, and has far reaching consequences on the users' families, friends, and communities.  The resultant cost on society is tremendous, including the cost of law enforcement, healthcare, loss of productivity, and mental health treatment.  The defendant engaged in the conspiracy with little, if any, regard for the harms to society and the users, and did so for his own financial gain.  Counterfeit prescription drugs like those involved in this case are laced with fentanyl and designed in such a way that purchasers have a difficult time discerning if they are obtaining legitimate prescription medication or counterfeit pills.  Consuming counterfeit pills laced with fentanyl can lead to death.  Synthetic opioids, including fentanyl, are now the most common drugs involved in drug overdose deaths in the United States.[2]  A sentence of 144 months of imprisonment should specifically deter this defendant, and it will also serve as a warning sign to others who might seek to profit from the distribution of dangerous controlled substances like fentanyl.

While the evidence suggests that the defendant played a lesser role in the conspiracy than some of his coconspirators, including Mr. Frazier, Mr. Venable's record distinguishes him from other members of the group and drives the sentencing guidelines into one of the highest possible brackets.  From 2003 through the present offense, Mr. Venable amassed eight convictions for controlled substance offenses, including attempted distribution of cocaine, distribution of PCP, attempted possession of heroin, four counts of distribution of heroin, and attempted possession with intent to distribute cocaine.  PSR ¶¶ 56, 58, 60, 62, 64.  In addition, Mr. Venable also has

---

[1] National Institute on Drug Abuse, *Drug Topics—Fentanyl*, https://www.drugabuse.gov/drug-topics/fentanyl (last visited March 30, 2022).
[2] National Institute on Drug Abuse, *Drug Facts—Fentanyl*, https://www.drugabuse.gov/publications/drugfacts/fentanyl (last visited March 30, 2022).

convictions for firearms-related offenses from 2008, forgery from 2010, and fleeing from law enforcement in 2017.   PSR ¶¶ 59, 61, 64.

At age 37, the defendant has been in and out of confinement continuously since the age of 18.   However, despite his status as a career offender, it does not appear that Mr. Venable has ever served a sentence in excess of approximately 3 years at a time, with most of his sentences ranging from 6 months to 30 months.   Therefore, even though the 144-month sentence requested is far below the properly assessed Guidelines range, it still reflects significant punishment when compared to Mr. Venable's previous periods of incarceration.   In addition, in light of the sentences imposed in the related cases, the government submits that a Guidelines range sentence for Mr. Venable would be excessive under the circumstances.   Accordingly, the government recommends a downward variance and sentence of 144 months of imprisonment.

### III.   CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a sentence including a prison term of 144 months.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:        /s/
Bibeane Metsch
Assistant United States Attorney
Rachel M. Roberts
Special Assistant United States Attorney (LT)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to all counsel of record.

                                               /s/
                              Bibeane Metsch
                              Assistant United States Attorney
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Tel: (703) 299-3700
                              Fax: (703) 299-3981
                              bibeane.metsch@usdoj.gov