UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAUREAN ALPHONSO VENABLE,<br>*Defendant.* | Case Number 1:21-cr-39-2 |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 286). The Government has opposed the motion (ECF 289), and Defendant has filed his reply (ECF 291). For the foregoing reasons, Defendant's motion is DENIED.

I. BACKGROUND

On November 17, 2021, Defendant pleaded guilty to Count One of a multi-count indictment, charging Defendant with conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2- phenylethyl )-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846. ECF 58 (Indictment) at 1–2; ECF 183 (Plea Agreement) at 1. Pursuant to the United States Sentencing Guidelines ("U.S.S.G."), Defendant was assessed eighteen (18) criminal history points and evaluated as a Criminal History Category VI and a Career Offender. ECF 225 (Presentence Investigation Report) ¶¶ 66-67, 101. This translated to a Guideline range of 360 months–life and a mandatory minimum of ten (10) years. *Id.* ¶ 102. On April 8, 2022, Defendant was sentenced to a term of 120 months of imprisonment followed by five (5) years of supervised release. ECF 230 (Judgment) at 2–3. Beginning in October 2022, after serving just six (6) months of his sentence, Defendant submitted

multiple requests for compassionate release to the Bureau of Prisons ("BOP"), which the warden denied on March 14, 2023. ECF 286-1.[1] On April 7, 2023, Defendant filed the instant motion. ECF 286. The Court ordered the government to respond, and that briefing has now concluded.

## II. MOTION FOR COMPASSIONATE RELEASE

Title 18 of the United States Code, Section 3582(c)(1)(A), allows a sentencing court to reduce a prison term for a defendant if they administratively exhaust their claims with the BOP and demonstrate that "extraordinary and compelling reasons warrant such a reduction." The defendant bears the burden of demonstrating such extraordinary and compelling reasons. *See United States v. Locust*, 2025 WL 880148, at *2 (E.D. Va. Mar. 21, 2025). If the Court finds that the defendant has carried his burden, the Court must then consider whether the relevant 18 U.S.C. § 3553(a) sentencing factors favor release. *Id.*

### a. Extraordinary and Compelling Reasons

In evaluating whether a defendant has presented "extraordinary and compelling reasons" for a sentence reduction, the Court's findings must be "consistent with [the] policy statements issued by the [U.S.S.G.]" in Section 1B1.13(b). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Hart*, 2024 WL 3974230, at *2 (E.D. Va. Aug. 28, 2024) ("[A] defendant seeking a modification of his or her sentence must identify one or more of the enumerated extraordinary and compelling reasons [in the Policy Statement] as a basis for release."). Section 1B1.13(b) of the Guidelines, which was amended effective November 2023, enumerates an exhaustive list of categories that the Court may rely on in its Section 3582(c)(1)(A) analysis: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. §§ 1B1.13(b)(1)-(6).

---

[1] Defendant therefore properly exhausted his administrative remedies with the BOP prior to filing this motion. *See* 18 U.S.C. § 3582(c)(1)(A).

The sixth category—Unusually Long Sentence—further provides that if a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment, a *change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason." *Id.* § 1B1.13(b)(6) (emphasis added). But this consideration only applies if that change in law "would produce a *gross disparity* between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* (emphasis added). Accordingly, if the ten (10) year minimum imprisonment and gross disparity requirements are not met, then a "defendant cannot rely on the change in law as an extraordinary and compelling reason [itself] for release." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Defendant may still rely on a change in law to support his reduction, but only if he "can present *another* extraordinary and compelling reason" for release. *Id.* (emphasis added).

Defendant claims that he has presented several extraordinary and compelling reasons for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues that (1) due to a change in law, he would not qualify as a Career Offender if he were sentenced today; (2) due to a change in law, he is now safety valve eligible under the First Step Act; (3) he has underlying health issues; and (4) he needs to care for his elderly mother. ECF 286 at 3–8. The Court, analyzing each argument in turn, ultimately finds that Defendant has not met his burden of showing that "extraordinary and compelling reasons" warrant reducing his 120-month sentence.

> i. Career Offender Status

First, Defendant argues that he would not be a "career offender" if he were sentenced today, "due to a recent change in law," whereby "inchoate offenses such as conspiracy or attempt crimes can no longer be used for career offender sentencing purposes." ECF 286 at 3; *see United States*

*v. Campbell*, 22 F.4th 438, 449 (4th Cir. 2022) (finding that inchoate offenses are "not a controlled substance offense and so cannot support a career offender sentence enhancement").[2] But Defendant cannot rely on this "change in law" argument because he has not yet served ten (10) years. Nor can Defendant establish that the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Davis*, 99 F.4th at 564. Defendant's characterization as a "career offender" did not impact his original sentence. ECF 225 ¶ 52 (finding the Defendant a career offender but noting that "the otherwise applicable offense level determined under Chapters Two and Three is greater"). Accordingly, there would likely be no sentencing disparity given this change in classification. The Court therefore finds that any change in law impacting Defendant's status as a "career offender" does not constitute an extraordinary and compelling reason to grant relief.

      ii.    *Safety Valve*

Second, Defendant argues that due to changes in the law since his sentencing, he would now be safety valve eligible. ECF 286 at 5. Not so. Again, Defendant's change in law argument fails to support release under U.S.S.G. § 1B1.13(b)(6) because he has not yet served at least ten (10) years of his sentence. Even if he had, his argument would also fail because he is not eligible for safety valve relief. "The safety-valve provision, 18 U.S.C. § 3553(f), offers some defendants convicted of drug offenses an escape from otherwise applicable mandatory minimums." *Pulsifer v. United States*, 601 U.S. 124, 128 (2024). Congress amended Section § 3553(f)(1) in 2018, such that a defendant would be eligible for relief if he did not have:

> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> (B) a prior 3-point offense, as determined under the sentencing guidelines; and

---

[2] Notably, the Fourth Circuit decided *Campbell* on January 7, 2023, three months before Venable was sentenced. But Defendant did not point to *Campbell* in his sentencing memorandum. *See* ECF 228.

> (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

First Step Act § 402(a)(1)(B). Because Defendant had more than four (4) criminal history points—eighteen (18) to be exact—he did not qualify for safety valve relief at the time of sentencing. But now, Defendant argues he would be eligible for such relief based on the Fourth Circuit's decision in *United States v. Jones*, 60 F.4th 230 (4th Cir. 2023). There, the Fourth Circuit held that a defendant must have *all* three criminal history characteristics to be *ineligible* for safety valve relief. *Id.* at 232. Because Defendant did *not* have a 2-point violent offense, he argues that under *Jones* he would be eligible. However last year, the Supreme Court abrogated *Jones* and held that:

> A defendant is eligible for safety-valve relief *only if* he satisfies *each* of the paragraph's three conditions. He cannot have more than four criminal-history points. He cannot have a prior three-point offense. And he cannot have a prior two-point violent offense.

*Pulsifer*, 601 U.S. at 153 (emphasis added). Accordingly, if Defendant were sentenced today, he would still not be eligible for the safety valve. There is, therefore, no sentencing disparity and no extraordinary and compelling reason to grant relief.

### iii.    Health Issues

Third, Defendant argues that his underlying health issues, including an enlarged heart and torn Achilles tendon, and the lack of adequate treatment for his conditions, constitute another extraordinary and compelling reason for a sentence reduction. ECF 286 at 6–7. Although Defendant does not list COVID as a concern in his motion, the Government devotes much of its brief to the BOP's efforts to mitigate the virus and points to several courts that have concluded "the COVID-19 pandemic, by itself, is not a sufficient basis for compassionate release." ECF 289 at 8. This Court find that because Defendant has not demonstrated "both a particularized susceptibility to [COVID-19] and a particularized risk of contracting the disease at his prison facility," COVID does not constitute an extraordinary and compelling reason to justify release.

*United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). Nor has Defendant shown that his health issues more generally warrant relief, especially when his medical records demonstrate that he has received medical attention for both his heart condition and Achilles injury. ECF 287 (Medical Records). Defendant has not established that BOP cannot adequately manage his medical needs. *See, e.g.*, *United States v. Smith*, 2021 WL 3641463, at *3 (E.D. Va. Aug. 17, 2021) ("[C]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release" (citation omitted)). Accordingly, the Court does not find that Defendant's health concerns constitute an extraordinary and compelling reason for release.

### iv.   Family Care

Fourth and final, Defendant seeks release so that he can be the primary caretaker for his elderly mother who has several underlying health issues, including diabetes, high blood pressure, and impaired hearing. ECF 286 at 7. However, "a need to care for, or a desire to care for, an ailing parent is not a sufficient basis for compassionate release." *Smith*, 2021 WL 3641463, at *3. Defendant also admits that he has three sisters. ECF 286 at 7. And while Defendant claims that his sisters cannot care "for their mother at an adequate standard," *id.*, that does not present an extraordinary or compelling reason for release. *See United States v. Holt*, 2021 WL 2457064, at *5 (E.D. Va. June 16, 2021) (finding that a defendant with two brothers who he claimed could not care for his mother "failed to meet his burden because it is not clear that he is the '*only* available caregiver' for his mother." (quoting U.S.S.G. § 1B1.13(C)) (emphasis added)). The Court will therefore not grant relief on this basis.

## III.   CONCLUSION

The Court finds that Defendant has not met his burden of showing an extraordinary and compelling reason for compassionate release. Defendant cannot rely on changes in the law under U.S.S.C. § 1B1.13(b)(6) because he does not meet the requirements for such relief. Nor has

Defendant demonstrated additional extraordinary and compelling reasons, based on his health and caregiving concerns, whereby the Court could "still use the change in law to determine how much to reduce his sentence." *Davis*, 99 F.4th at 654.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant's motion (ECF 286) is DENIED.[3]

It is SO ORDERED.

The Clerk's Office is directed to send a copy of this Order to the Defendant, *pro se*.

/s/
Michael S. Nachmanoff
United States District Judge

March 28, 2025
Alexandria, Virginia

---

[3] Having determined that Defendant has failed to present "extraordinary and compelling" reasons warranting compassionate release, the Court need not consider the sentencing factors under 18 U.S.C. § 3553(a)